Mr. Farley appeals three conditions of a supervised release, in addition to the means of his sentence for a number of reasons. In imposing the conditions of a supervised release, the district court failed to satisfy the procedural requirements required to restrict Mr. Farley's fundamental right to familial association, contrary to the procedures set out in Wolfchild, and the court violated the due process by imposing a vague and over-the-top sentence on Mr. Farley. Mr. Farley did not provide petitions without support on the record. What the court can see here on review, in the excerpts of records 24-25, that there was no thoughtful assessment of each of the objective conditions. Turning specifically first to condition number 10, the condition that was imposed regarding, or condition number 4, excuse me, the condition imposed regarding the, um, that Mr. Farley had to provide his probation officer with access to any financial information, including tax information. And that Mr. Farley should authorize the probation officer to conduct credit checks and obtain copies of his income tax returns. In this case, the objective condition, um, speaking more directly to the plaintiff, I can also speak to you just a little slower. Yes, Your Honor. Thank you. The court offered no explanation as to why this financial condition would have been inappropriate to impose on Mr. Farley in this case. He was usually supposed to maintain a job. Yes, but that is something that the probation officer could check and confirm with monthly reports that Mr. Farley would be required to participate. This condition is above and beyond those conditions, and it's extremely crucifix to Mr. Farley without justification on the record. This was not a financial offense. There were no allegations in the past that Mr. Farley had had any... A pretty, pretty, pretty standard condition. No, it's actually a special condition. A special condition. A pretty special condition. Yes, but generally based upon the fact that someone has had financial issues or has committed a financial offense requiring such a condition. The case that, uh, decided to, in the briefs, Garcia is one example of that, where someone had, pardon me, someone had made a living off of selling drugs, and that was why the condition was imposed. Mr. Farley, there was no indication on the record that Mr. Farley was engaged in such, um, employment, making a living selling drugs. While he did have two convictions for drug sales, those were many years in the lease to this offense, and they were hand-to-hand sales. The probation officer could easily, with just the requirement that Mr. Farley submit regular monthly reports, be able to determine whether or not he was employed and whether or not he was living outside of his means. Turning to the next condition, that Mr. Farley not associate, um, Mr. Farley's condition that he not be in the vicinity of E to E Street, the geographic limitation condition that's found in condition number 10. Again, the court, after objection was made, offered no sufficient explanation for the imposition of this condition after Mr. Farley denied membership of being in a gang. In fact, the court never made a finding on the record that Mr. Farley was, in fact, a member of a gang. There was a statement in the report that he was a member of a gang. In the memorandum that was submitted to the judge at the time of sentencing, there's no objection to that particular statement in the report, and it's very, there's never any real objections. Actually, there was an extensive discussion with the court in the record, I believe it's extra court records, um, 10 through 12, about whether or not Mr. Farley actually was a member of the gang and the fact that he continued to deny being a member of the gang. That was, um, argued quite extensively. What page of the transcript was that argued? I believe it's, um, it was, um, Well, I, I, if I didn't, I, I, I, Mr. Farley did make objections, which I was proposed there in ER 28, in, in his briefings, and in, um, Well, the judge did make objections, and he was very careful, because he didn't hear you. He said, in the present report, is there anything else I need to read? And then he asked for objections, specific objections. Yes, Your Honor. And those objections were actually made in the sentencing memorandum as well. So, specifically in the sentencing memorandum, In the sentencing memorandum, was there any objection to the statement in the report that he was a member of the gang? Yes, Your Honor. There was an objection in the sentencing memorandum to the fact that Mr. Farley was a member of the gang. Um, pointing to, The judge actually never made a finding one way or the other. No, he did not. But he said, he said, no, the judge said, I'm not going to rely on any of those objections. No, he was speaking in that objection as to whether or not Mr. Farley's, the information regarding an alleged murder that Mr. Farley was involved in should be included in the precepts report. He was speaking specifically to that when he said, I was speaking specifically to Mr. Farley. Yes, but he did not address nor make a finding on the record that Mr. Farley was a member of the PS3 gang. All right. Continuing on to condition number eight, we're objecting to that condition because it's overbroad. We believe that the court violated due process rights of Mr. Farley in opposing it, and it's a vague statement. Additionally, that condition violates rule of child. But the court can see in what Mr. Farley, in the condition imposed by the court, was that the district court indicated that Mr. Farley should have no connection whatsoever with the PS3 gang. That term in particular, and no association with members of the PS3 gang. A district court's decision to impose a condition of supervised police like this should be clear. And it violates due process if it's a term that's so vague that it requires people to guess as to what its meaning might be. Association, the use of the word association, is one of those terms that requires men of ordinary intelligence to guess as to, or connection rather, is a term that requires people of ordinary intelligence to guess as to what the court might mean when using the word connection with. The defendant shall not associate with any member of the PS3 gang, period. The previous statement, though, is that the defendant. Yes. Yes. The defendant shall not associate with any member of the PS3 gang. However, the association has been interpreted to include casual encounters or chance meetings. However, connection with, in the next sentence, is however much. So the defendant shall have no connection whatsoever with the PS3 gang or any other gang. Yes. Connection with there is much more broad and subject to a number of degrees of interpretation. It could mean that Mr. Farley cannot be in the same room with someone who is a member of a gang. It could be that Mr. Farley cannot. Our case will imply a knowing element of this ruling. Vaguely said that we read it knowingly in all of these cases. That is understood. However. Your chance of rushing up against someone in the street or across the road wouldn't be their requirement. With the trauma of association. However, that same connection with, it's much more abstract as to what connection with someone might mean. It could be that he has a direct relationship, a family relationship. The mere fact that his brother is a member of the PS3 gang would mean that he would violate this condition because he has a connection to his family member. It could be people who associate with the gang. It leaves open to many interpretations as to what the court intended by the term connection with. Finally, turning to the last part of that, the objection to condition number eight, that he now associated with members of the PS3 gang. Mr. Farley's brothers were members of the PS3 gang. In imposing this condition, the court did not go through the enhanced analysis that is required when individuals are restricted to the right of familial association. The government points out that there's no case on point with siblings here. It's a sibling and a half sibling. Yes. We're looking at plain error since this specific objection wasn't raised to the district court. So what's the response to that? Why would the district court have plainly erred with there's no case on point? Because it's clear that it is a familial association and that both child, while not speaking directly towards brothers or sisters or other siblings, specifically references intimate familial relationship. In this case here, there is no evidence that his relationship with these individuals was intimate. It doesn't make that argument that there's no evidence in the record to that effect. In the precinct report, there's indication that Mr. Farley does interact with his brothers. And in ER 51, the letter from his mother describes how he was involved in raising his brothers after his father passed away. I see my question. I believe that Mr. Farley's continued relationship with his brother was. Well, it's just that there's, he doesn't have much contact with his brothers. On the one hand, Fairfield alone, the district court should have done on the record is to offer that as an explanation as to why the composition of the issue was appropriate. It wasn't. Nobody raised that issue at the time. So we have to say it was plain error. It was so obvious that the district court should have made their ruling, but it wasn't raised to the district court. It was plain at the time that Mr. Farley had familial connections with his brothers. They are intimate family members. The court should have gone through that procedure in making that decision. The case law holds that sibling associations don't count within the general rule that creates a liberty interest and civility relationship to them. So we'd have to prove the anthem of association and what the burden may be on you and your client to show that. Well, the cases that we have to examine specifically sibling relationships, in other cases I have examined them in other contexts, particularly Vasquez, it did find there that brothers' relationships between siblings was found to be an intimate family relationship and it instructs the court there that it could not restrict contact between two brothers under similar kind of gang condition according to the case law. The case is only in the sibling relationship. You are arguing with the 1983 context. That would be in the 1983 context. Vasquez was even further afield. It was the only case that specifically addressed the gang condition, preventing contact between brothers, that didn't talk about the fact that it was an intimate family relationship. That's the due process here. It may have not been predicted. So it just didn't seem to be on point. Maybe these were just people in the neighborhood. Yes, but it did describe the relationship between the family members as being one of those intimate relationships. Thank you very much. Thank you. Good morning, Your Honors. Judas Larmon from the United States. I think it's worth stepping back at the outset and putting ourselves in the shoes of Judge Feldman Reuters in the sentence he just gave. He was faced with a challenging defendant, one for whom past sentences have had the desired effect, a chronic recidivist. And he was statutorily required to try to craft a sentence that fit this defendant and that achieved what prior sentences had not. And he did that here. As to the supervised release conditions, each of them is clearly tailored to the goals of sentencing, the 3583 and 3553A goals. They don't need to be related to the offense of conviction. They need to be tailored and related to the statutory goals of including rehabilitation, protecting the community, and so forth. Did the district court have to make a determination that Mr. Farley was a game member? And if so, did he make that determination? He did not need to make that determination to impose these supervised release conditions. And he did not make that determination there to reject him. You know, that's an interesting question. I don't think there's a, had the sentencing area had an objection squarely on point on that issue, but there was a written objection to the pre-sentence report. And the pre-sentence report notes in the responses to the objections, Mr. Farley doesn't claim any membership in any gang. But I would note that Mr. Farley's 2010 state felon in possession conviction included a criminal street gang enhancement. That's in PSR paragraph 31. Does that mean he's been convicted of being a gang member? Yeah. Well, that may be, but it would still be a reasonable purpose of certifying. I used to do sentencing. I don't know when I was a district judge, but I can't remember now. Maybe Judge Farber figured out the answer. But when the court imposes the terms and conditions of supervised release, isn't that part of the sentence? Yes. So when the judge said, I'm not going to consider any of these objections, and he did not count the one about the involvement in murders, the paragraphs. He struck that. I'm looking at it. I said, nothing else is going to affect my sentence. I'm not going to. It's not going to impact how I sentence. Well, so there was an objection to whether or not he was a gang member. And then it turns out that the consent court, when you're imposing the terms and conditions of supervised release, you don't take the transcripts off of that. Under what rule? Rule 32. So a couple points on that. I think the way I read the transcript is that was a reference to, I'm not going to consider that for purposes of the length of the sentence. And there was no objection along the lines you're articulating as to the supervised release conditions. And, in fact, defense counsel specifically did not object to the first sentence of the gang condition, which says that it's not associated with gang members. She said, our objection is to the second sentence. And she repeatedly referred to the second sentence. So there was no objection to that first sentence of the gang condition, especially conditioning the deed. So I don't think it was something that Judge Anderson did need to resolve. Now, also, if you look at the PSR, there is a central theme to Mr. Farley's criminal history. It is the Page Street Gang. It is at PSR paragraph 31, 32, 41, 43, 47, 48, 53, 54, which is a previous text. And I understand that Judge Anderson was terribly concerned. He's a young guy. He's a senior from here. And the Page Street Gang is a theme that's right out there. But then, look what else he did. He tried to make an argument that he had sort of realized that he didn't need a string. It's like a warning to the child and whatnot. So you don't think it was necessary for Judge Anderson to make that claim? No, I don't. Even the broad discretion that judges are given in crafting supervised release conditions, again, they only need to be reasonably related to the goals of sentencing. And I think it's certainly not reasonably related. But it's very difficult to do that. Is record selling needed prior to sentencing? Oh, I think it would absolutely still be reasonable in that circumstance, yes, because one of the goals of supervised release is to prevent a criminal conduct. So even if Mr. Farley had left this claim in the past, it would certainly be reasonable for a judge to conclude, you know, wanting to return to the sort of associations that got him in trouble in 2010, 2012, and so on. Let me ask about one part of the special conditioning that was mentioned, which is the fact that if the defendant is wearing the same colors of the Page Street gang or any other gang, and the argument is made that that would mean he couldn't wear any clothes at all because every color is somebody's gang color, and then there's a Second Circuit case that finds him to be in green. I think it will review it for plain error, but is that a plain error? It's not a plain error. I think under any standard of review it would be upheld because, as this Court noted in your discussion with my colleague on the other side, even where a supervised release condition doesn't include the express language about knowingly, this Court will construe it to include that. So under Soltero, that upheld a gang color condition, and there it said, colors are symbols, quote, which make no affiliation with or membership in a particular gang. The Johnson case in 2010, likewise, upheld a condition barring wearing clothing, quote, which evidences affiliation with a particular gang. But the concern here is that it says he added, the judge added, or any other gang, and that was what was concerning to the Second Circuit. Well, I think here, again, because of the knowing requirement that this Court construes, Mr. Farley would have to know that it was a gang color. There would have to be a showing, a hearing. It's not as if because Mr. Farley had yellow shoelaces on, his supervised release would be revoked automatically. There would be a showing. Probation would have to write up a violation report. Probation and the government would have to put on evidence. The defense would put on its evidence. And then, again, since this Court's case law says that violations must be knowing in this context, and that incidental or accidental actions don't constitute a violation. What about the second to last part of it? It said that the Court will presume the association was for the purpose of indicating a gang and their presumption. It seems to be a case of presumption. Where is this coming from? So I've only found one case, one Ninth Circuit case, that addresses this, what the defense calls the presumption clause. And we didn't say it in our briefs, but you can see it's a 2003 unpublished decision. It's called U.S. v. Kane. And the condition was, I can give you the citation if you'd like. It's 57, fed appendix 768. It's a Ninth Circuit 2003. And I should note also that the language of the condition is not quoted in the opinion itself. But if you look at the appellant's briefs in that case, it quotes the condition. And it's the same. He's found to be in the company of these people or wearing these clothes. The Court will presume that the association was for the purpose of participating in gang activities. And there, this Court upheld that condition. I mean, that's the only example I've seen. What was the result of having that presumption? Because obviously there would have to be a finding that he had violated the supervisor's release conditions, that he was wearing the clothes, he was found in the company. So even in sentencing him, what would then be the effect of the presumption? You'd find there was violation of the supervisor's release, and then what? Well, I take it to be that it's a rebuttable presumption, first of all, so most probably we'd be able to put on evidence that he wasn't associating with people for the purpose of gang activities. I mean, the way I read it is it may be difficult in certain circumstances to prove that people Mr. Farley is associating with are gang members that San Francisco Police Department's gang task force may not have categorized them, or may not have categorized them. But if Mr. Farley is what I've found wearing, for example, colors of a street gang, and he's with people and seems to be able to do Well, you know, I think it's not a base to see itself. Now, with that claim, you can get in there and prove by the court that the probation officer encounters him wearing colors of, let's say, some other gang that the probation officer knows is a gang, or San Francisco is a gang, whatever. And it seems like that clause makes it easier for the probation officer to point out that he wasn't any, you know, police associated with the gang. You don't have to be violent. Now, when it gets to the hearing, I think the government still does often that presumption cannot be a complacent presumption, because the government has an absolute burden to prove it's a gang. It's violent in terms of conditions that you can handle. And so if a hearing is actually doesn't really seem to have, you know, consequences, I think you'd better be careful. I don't think it does. I mean, I think it's necessary. I'm not sure. Well, I think that I think. Well, I'm not sure that's the task. Well, I'm asking because it does strike me as hard. I've never seen it before. Well, I think what the interconnection with language and the presumption language really try to do is, and I see I'm out of time. If I can answer the message question. I think it really serves to underscore the importance of the first sentence of that condition, the association sentence, and really urge Mr. Farley, in the strongest possible terms, to cut ties with his gang that has been a problem for him in his life. And so, therefore, it's certainly reasonably related to the purposes of sentencing. Unless the court has any other questions, I will sit down. Thank you. Thank you. Your Honor, as the government frequently mentioned, that the conditions imposed have to be reasonably related to the goals of rehabilitation deterrence, and they have to also be justified based on the facts that are on the record and sufficiently tailored to Mr. Farley's specific condition. The conditions imposed by the court here were not so. Condition number eight, an objective condition, one that we objected to in specific language regarding the colors, clothing, and so forth, there is overbroad, as the court was discussing, in that Mr. Farley could be wearing blue jeans, a color that's known generally to be the color associated with the Crips, and be detained for that because it's the color of any other gang. This condition, overbroad and overgeneralized, does not permit Mr. Farley to have free options in the game of the Crips. It's still knowing the color of any other gang. I know that blue is the color of the Crips because I have seen a movie where a Crip member was wearing blue. Mr. Farley might have seen the same movie, know that, and then be detained because of that, not engaging in any gang activity, not intending to engage in any gang activity, but merely because he knows that that is a color that a gang, even one he's not associated with, involved with, nearby, has a connection to, he would still violate his conditions. Furthermore, the conclusive presumption there is prohibitive because it shifts the burden to Mr. Farley to disprove an element of the allegation that Mr. Farley would be detained, he would be brought in, and the court would then presume that any association he had was for the protection of participating in gang activities. That assumption of participation for the purpose is unlawfully and unduly burdensome towards Mr. Farley. Finally, the court, in never making a finding that Mr. Farley was a member of a gang, even though it was aware that this was an objection that was detailed extensively in the sentencing memorandum and was then brought up again at the beginning of the sentencing hearing on ER-2 when we were going through the excerpt of records and discussing the very beginning, we brought up the issue about his gang membership. The court never specifically found that Mr. Farley was a member of a gang, and in imposing these conditions, did not specifically tailor these conditions towards Mr. Farley accordingly. Okay. Thank you, counsel. We appreciate the hard notes this morning, and it's good that he's gone.
judges: Paez, Ikuta, Faber